ELLISON v. HUNSINGER.

S. D. ELLISON v. J. W. HUNSINGER; PLANTERS & MERCHANTS WAREHOUSE, INC.; J. E. NOGGLE, MANAGER OF PLANTERS & MERCHANTS WAREHOUSE, INC.; A. B. FAIRLEY, STATE WAREHOUSE SUPERINTENDENT; AND BRANDON P. HODGES, TREASURER OF THE STATE OF NORTH CAROLINA.

(Filed 20 October, 1954.)

APPEAL by defendants Planters & Merchants Warehouse, Inc., and J. E. Noggle from Pless, J., March Term 1954, CLEVELAND. Affirmed.

Civil action to recover the value of forty-three bales of lint cotton stored with defendant warehouse corporation.

This cause was here on a former appeal, Ellison v. Hunsinger, 237 N.C. 619, 75 S.E. 2d 884. The essential facts are there fully stated. On the rehearing in the court below the parties reaffirmed the stipulations theretofore entered of record and agreed that the fair market value of the cotton at the time it was put in storage was $8,878.85. Thereupon the court entered judgment against the warehouse corporation and its local manager, and they excepted and appealed.

D. Z. Newton and George F. Coleman for plaintiff appellee.
Joseph C. Whisnant and Horace Kennedy for defendant appellants.

PER CURIAM. The law as stated in the opinion of Parker, J., speaking for the Court, on the former appeal, Ellison v. Hunsinger, 237 N.C. 619, 75 S.E. 2d 884, is the law of this case. What is there said needs no amplification or clarification.

On this record it is crystal clear that the appellants received for storage forty-three bales of cotton belonging to the plaintiff. When they issued the warehouse certificates without complying with the requirements of

the statute or making any investigation as to the ownership of the cotton, they rendered its legal return to the plaintiff beyond the pale of possibility. They have failed to offer any legal justification for their failure to account to him for that which is his. The court below concluded that under these circumstances the appellants are indebted to plaintiff, as a matter of law, in a sum equal to the fair market value of the cotton at the time they received it and entered judgment accordingly. We concur. Therefore, the judgment entered is

Affirmed.